# CHARLESTON.

## STATE *v.* J. C. McCOY.

Submitted December 11, 1923.    Decided December 18, 1923.

1. HOMICIDE—*Jury Must Fix Degree of Murder in Verdict of Guilty.*

   Under sec. 19, chap. 159, Code, a verdict of guilty in a murder case must find whether defendant be guilty of murder in the first or second degree; and if the jury does not fix the degree of murder in its verdict it is fatally defective, and sentence will be set aside. (p. 274).

2. CRIMINAL LAW—*Recommendation of Mercy in Verdict of Guilty in Felony Case Mere Surplusage.*

   A recommendation of mercy in a verdict of guilty in a felony case is mere surplusage. (p. 274).

Error to Circuit Court, Mingo County.

J. C. McCoy was convicted of murder, and he brings error.

*Reversed, verdict set aside, new trial awarded.*

*Harold W. Houston, Thomas West* and *Chas. J. Van Fleet,* for plaintiff in error.

*E. T. England,* Attorney General, and *R. A. Blessing* and *R. Dennis Steed,* Assistant Attorneys General, for the State.

LIVELY, JUDGE:

This writ is to review the judgment of the circuit court of Mingo county rendered at its January term, 1923, by which the defendant was sentenced to imprisonment for life for the murder of Harry Staten. The jury returned the following verdict: "We, the jury agree and find the defendant, J. C. McCoy, guilty as charged within the indictment, and further recommend mercy. J. R. Bevens."

The usual motions followed, which were overruled, and the sentence pronounced.

The only assignment of error is that the verdict is fatally defective. The statute, sec. 19, chap. 159, Code, provides:

"If a person indicted for murder be found by the jury guilty thereof, they shall in their verdict find whether he is guilty of murder in the first or second degree. If they find him guilty of murder in the first degree, they may in their discretion further find that he be punished by confinement in the penitentiary."

This verdict does not find the degree of murder of which the prisoner was guilty, and is directly in the face of the statute. It is fatally defective. It would be useless to discuss the reasons for the requirement of the statute. The statute is plain and needs no construction. It is argued by the attorney general that because the jury "may recommend mercy only upon finding of first degree murder, therefore when it finds a verdict of guilty as charged in the indictment with recommendation of mercy it necessarily follows that murder in the first degree was intended, and the degree thus ascertained." A jury has no statutory right to recommend mercy in the imposition of a sentence. They often do so, but it is mere surplusage. The law fixes the punishment, and it is the duty of the court to impose that punishment. *State* v. *Newman,* 49 W. Va. 724. Under the statute above quoted the jury does not recommend mercy. They may in their discretion fix the punishment by confinement in the penitentiary. And if they so do, it is the duty of the court to impose the sentence accordingly. The recommendation of mercy in the verdict is surplusage. This leaves the verdict without fixing the degree as required by the statute. *State* v. *May,* 62 W. Va. 129. The attorney general cites *State* v. *Moneypenny,* 81 W. Va. 362; and *State* v. *Frey,* 92 W. Va. 323, as sustaining the above argument. The Moneypenny case is to the effect that the verdict should be read in connection with the indictment, and when so read if its meaning is certain it is sufficient. Reference to the indictment in this case throws no light upon the meaning of the verdict. The Frey case is in accord with *State* v. *May, supra.* The Frey case says that a verdict of guilty on an indictment for an attempt to commit murder, without specification of the degree of murder attempted or any reference to anything by which such degree can be ascertained, is insufficient. An attempt to commit murder in the first degree

is punished as for a felony, but an attempt to commit murder
in a lesser degree is punishable as a misdemeanor; and on
a verdict of guilty it would be impossible to say what punish-
ment should be inflicted. The effect of a recommendation for
mercy accompanying a verdict of guilty, with a voluminous
citation of authorities, will be found in note to the case of
*State* v. *Arata,* 21 Ann. Cas. 243.

McCoy has been twice convicted by a jury under this in-
dictment. The record is voluminous and the expense on
the state and defendant has been very great. It is to be
regretted that trial courts overlook the plain provisions of the
statute in the rendition of the verdicts in murder cases.

The verdict is fatally defective and must be set aside;
the judgment thereon will be reversed and a new trial
awarded.

*Reversed, verdict set aside; new trial awarded.*