C. J. GAINES

*v.*

BOBBY LEVERETTE, *Supt.*,

*West Virginia Penitentiary*

(No. 14286)

Decided May 20, 1980.

*Robert J. Wallace* for relator.

*Chauncey H. Browning,* Attorney General, *Gregory W. Bailey,* Assistant Attorney General, for respondent.

HARSHBARGER, JUSTICE:

On May 5, 1967, C. J. Gaines was found guilty of murder without recommendation of mercy by a Randolph County jury, and the verdict did not specify the degree of murder as required by W. Va. Code, 62-3-15.

The indictment was in the form prescribed in Code, 62-9-3:

> [Gaines and co-defendant] ... feloniously, wilfully, maliciously, deliberately and unlawfully did slay, kill and murder one Kenzie Taylor, against the peace and dignity of the State.

"Upon the trial of such indictment the accused may be convicted of either murder of the first degree, murder of the second degree, voluntary manslaughter, or involuntary manslaughter. ..." Code, 62-9-3.

Code, 61-2-1, defines first and second degree murder:

> Murder by poison, lying in wait, imprisonment, starving, or by any wilful, deliberate and premeditated killing, or in the commission of, or attempt to commit, arson, rape, robbery or burglary, is murder of the first degree. All other murder is murder of the second degree.

Murder committed during a robbery is first degree murder by this statutory definition, and the proof against Gaines was about such an act: there was no evidence of any crime except felony-murder, that is, first degree murder.

The jury was instructed that they could convict only if they found that there was a robbery. Defendant's Instruction No. 13 was:

The Court instructs the jury that unless they believe from all the evidence in this case beyond all reasonable doubt that the defendant robbed Kenzie Taylor, you cannot find the defendant guilty of murder.

Given—May 5, 1967
Stanley Bosworth, Judge

The court also gave State's Instruction No. 6:

The Court instructs the jury that one of two verdicts may be found under the indictment in this case, (1) Murder in the first degree, and (2) Not Guilty.

The Court further instructs the jury that murder in the first degree is punishable by confinement in the penitentiary of this State for life, but the jury may in its discretion recommend mercy if they find first degree murder, and if such recommendation is added to their verdict, the defendant would be eligible for parole after he had served ten years.

GIVEN AS AMENDED
5/5/67
Stanley Bosworth, Judge

This Court has held that where the evidence is consistent with the statutory definition of first degree murder, it is not error to instruct the jury to find the defendant guilty of first degree murder or not guilty. *State v. Wayne*, ___ W.Va. ___, 245 S.E.2d 838, 842 (1978); *State v. Wilson*, 145 W.Va. 261, 114 S.E.2d 465 (1960).

The jury verdict stated:

We, the jury, find the defendant guilty as charged in the indictment.

On its face, it does not comply with Code, 62-3-15:

If a person indicted for murder be found by the jury guilty thereof, they shall in their verdict

find whether he is guilty of murder of the first degree or second degree.

Verdicts that did not specify the degree of murder were held void in *State v. McCoy*, 95 W.Va. 274, 120 S.E. 597 (1923), and *State v. May*, 62 W.Va. 129, 57 S.E. 366 (1907). However, sometimes there can be no doubt about the degree of murder found by the jury despite its failure to so specify. *Ford v. Coiner*, 156 W.Va. 362, 196 S.E.2d 91 (1972). The jury, having found Gaines guilty, did not have an option to find him guilty of second degree murder, voluntary manslaughter, or involuntary manslaughter. *See State v. Sims*, ____ W.Va. ____, 248 S.E.2d 834 (1978).

It is always preferable that a jury comply with Code, 62-3-15, and specify the degree of murder. If they do not, the prosecutor or defense counsel should request that the verdict be amended before the jury is dismissed. However, if there can be only one degree of murder, based on the proof and instructions, we will not void a verdict because it did not specify the degree.

*Writ denied.*