REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 2540

September Term, 2011

---

ROBERT ANTHONY MCGHIE

v.

STATE OF MARYLAND

---

Wright,
Graeff,
Rodowsky, Lawrence F.
    (Retired, Specially Assigned),

JJ.

---

Opinion by Graeff, J.

---

Filed: November 24, 2015

In 1994, following a jury trial in the Circuit Court for Montgomery County, Robert Anthony McGhie, appellant, was convicted of murder, attempted murder, two counts of use of a handgun in the commission of a crime of violence or felony, attempted robbery with a dangerous weapon, and conspiracy to commit robbery with a dangerous weapon. The court imposed a sentence of life imprisonment on the murder conviction and concurrent sentences on the other convictions.[1]

Appellant subsequently filed a motion seeking "some type of reconsideration and reduction" relating to the life sentence imposed on the conviction for murder, arguing that the jury, in announcing its verdict on the murder count, failed to state whether it found him guilty of murder in the first degree or murder in the second degree. Although he styled his *pro se* motion as a Motion to Revise Sentence, we shall treat it as a motion to correct an illegal sentence. The circuit court denied the motion.

---

[1] Appellant has mounted multiple challenges to his convictions, none of which has been successful. *See, e.g.*, *Robert Anthony McGhie v. State of Maryland*, No. 1883, Sept. Term, 1994 (filed Nov. 24, 1995) (direct appeal); *Robert Anthony McGhie v. State of Maryland*, No. 2007, Sept. Term, 2009 (filed Feb. 10, 2011) (rejecting appellant's argument that the circuit court erred in denying motion to set aside judgment because the record failed to reflect that jury was individually polled, rendering it "impossible to know if the jury was unanimous"). *McGhie v. State*, 224 Md. App. 286 (2015) (affirming the circuit court's denial of appellant's petition for a writ of actual innocence).

On appeal, appellant, still proceeding *pro se*, presents three questions for our review,[2] which we have consolidated and rephrased as follows:

> Where the jury finds the defendant guilty of murder without specifying the degree of murder as required by statute, is the conviction for first-degree murder a nullity if the evidence and instructions supported a verdict only with respect to first-degree felony murder?

For the reasons set forth below, we answer that question in the negative, and we shall affirm the judgment of the circuit court.

## FACTUAL AND PROCEDURAL BACKGROUND

### I.

### Trial

We need not recite in detail the evidence adduced at trial in support of appellant's convictions. Those facts are set out in our recently reported opinion affirming the circuit court's denial of appellant's petition for a writ of actual innocence. *See McGhie v. State*, 224

---

[2] Appellant presented the following three questions:

1.) Whether the language reflected in Md. Criminal Law Code § 2-302, Article 27 § 412(a), and Chapter 138 § 3 [is] mandatory, if so, did the sentencing court error imposing life sentence on appellant when no sentence should have been imposed because [the] jury never orally announced degree of murder in their verdict in open court as required?

2.) Did the trial court err surmising jury meant first-degree murder although jury did not orally announce such finding?

3.) Did [the circuit court] err in denying relief in light of this court['s] holding in [*Gantt v. State*, 99 Md. App. 100 (1994)]?

Md. App. 286 (2015). For the purpose of this appeal, it is sufficient to note that the evidence supported a finding that appellant conspired with several others to rob a store in Montgomery County, and during the attempted robbery, one of appellant's co-conspirators shot and killed one store owner and shot and wounded another person. Appellant was not in the store when the attempted robbery and shootings took place.[3]

The State argued that appellant was an accomplice and proceeded on the murder charge under the theory of felony murder. Appellant's defense, as made clear in his counsel's opening remarks, was that he was not involved in the robbery plan, and the shooter acted without appellant's knowledge or assistance.

At the conclusion of the evidence, the court discussed jury instructions with counsel. The transcript reflects that the proposed verdict sheet initially had two options for the murder charge, felony murder and premeditated murder, both of which constitute first-degree murder.[4] After defense counsel objected to the verdict sheet referring to premeditated murder and stated that there was no evidence to support "any degrees of murder other than felony murder," the State agreed to withdraw its request to have premeditated murder appear on the verdict sheet. Defense counsel then stated that, "if this verdict sheet goes in . . . count one

---

[3] Prior to appellant's trial, the shooter, Edward Borrero, pleaded guilty to first-degree murder and other offenses. Mr. Borrero testified for the State at appellant's trial.

[4] *See* Md. Code (2012 Repl. Vol.) § 2-201(a) of the Criminal Law Article ("CR"), previously codified at Md. Code (1992 Repl. Vol.) Art. 27 § 407.

should say murder, period, without the word 'felony.'"[5] The prosecution did not oppose this request.

At the conclusion of the discussion, the court instructed the jury as follows:

[I]t is the State's allegation that the defendant was what they call a principal in the second degree, not the one who actually committed the offense, but an aider and abettor, and with that in mind, let me first then go through - - **count one is the charge of murder, and that, in effect, alleges a first degree felony murder**.

**In order for the defendant to be convicted of first degree murder or felony murder, the State must prove**, one, that the defendant or another participating in a crime with the defendant committed the offense of robbery or armed robbery, that the defendant - - or, actually, the defendant or another participating in this crime killed Randy Covington, the victim, and **that the act resulting in the death of Randy Covington occurred during the commission of that crime of robbery or armed robbery.**

**Felony murder** does not require the State to prove that the defendant or [the shooter] intended to actually kill him.

It does not require premeditation of first degree murder; **it is that a death or homicide occurs during the course of a felony, and the felony alleged is the armed robbery of the** [store].

(Emphasis added).

In closing argument, the prosecutor noted that accomplice liability was the heart of the State's case. He stated that there was no doubt that there was a "felony murder" that occurred in the midst of a robbery, and the only real issue was appellant's involvement in planning the robbery. The prosecutor told the jury that intent to kill was not required for

---

[5] A verdict sheet was not included in the record on appeal.

felony murder, but rather, "the law says if you take someone's life during the execution of a felony, you are liable for felony murder."  Defense counsel argued in closing that the State had failed to prove beyond a reasonable doubt that appellant conspired with the shooter (and others) to rob the store.

When the jury completed their deliberations, they returned to the courtroom and announced their verdict as follows:

> THE CLERK: Ladies and gentlemen of the jury, have you agreed upon your verdict?
>
> THE JURY: We have.
>
> THE CLERK: Who shall say for you?
>
> THE JURY: Our foreman.
>
> THE CLERK: Mr. [F]oreman, please stand.  **How do you find the defendant as to Count One, Murder?**
>
> THE FOREMAN: **Guilty.**
>
> THE CLERK: Count Two, Use of a Handgun in a Crime of Violence or a Felony?
>
> THE FOREMAN: Guilty.
>
> THE CLERK: Count Three, Attempted Murder?
>
> THE FOREMAN: Guilty
>
> THE CLERK: Count Four, Attempted Robbery with a Dangerous Weapon?
>
> THE FOREMAN: Guilty.

-5-

THE CLERK: Count Five, Use of a Handgun in a Crime of Violence or Felony?

THE FOREMAN: Guilty.

THE CLERK: Count Six, Conspiracy to Commit Robbery with a Dangerous Weapon?

THE FOREMAN: Guilty.

(Emphasis added).

The jury was then polled, but the polling was not transcribed for the record.[6]  The court then directed that the verdict be recorded, stating that there was "no need to hearken" the verdict.  *See State v. Santiago*, 412 Md. 28, 37 (2009) ("'A poll of the jury serves the same purpose as that of hearkening.'") (quoting *Smith v. State*, 299 Md. 158, 166 (1984)).

## II.

## Motion To Revise Sentence

In November 2011, after appellant was sentenced to life imprisonment on the murder conviction, he filed a Motion to Revise Sentence, pursuant to Maryland Rule 4-345(b), arguing that there was an "irregularity" in the verdict because "the jury failed to pronounce the degree of murder in their verdict" as required by law.[7]  Appellant argued that "the jury's failure to ascertain in their verdict the degree of murder is a deviation from proper 'process

---

[6] It is the appellant's responsibility to order "a transcription of any proceeding relevant to the appeal."  Md. Rule 8-411(a)(2).

[7] Appellant did not raise this issue in his direct appeal.  Nor does it appear that he raised it in any of his various requests for relief postconviction.

or procedure' set by the General Assembly of Maryland," and therefore, it "constitutes an irregularity within the meaning of Maryland Rule 4-345(b)." Appellant requested that the circuit court "look beyond the label" of his *pro se* motion and "make a determination based on . . . substance." On December 14, 2011, the circuit court denied the motion. It stated that the "remedy for the error [appellant] alleges was by way of direct appeal."

## DISCUSSION

Appellant contends that his life sentence for murder should be vacated because it is an "illegal" sentence. In support, he argues that the guilty verdict was a nullity because the jury failed to announce whether it found him guilty of murder in the first degree or in the second degree. He notes that, in 1994, when appellant was convicted, Md. Code (1992 Repl. Vol.) Art. 27 § 412(a) provided: "If a person is found guilty of murder, the court or jury that determined the person's guilt shall state in the verdict whether the person is guilty of murder in the first degree or murder in the second degree."[8]

The State responds in two ways. First, it contends that a denial of a motion to modify a sentence is not an appealable order, and therefore, we should dismiss this appeal. Second,

---

[8] This provision currently is codified as Md. Code (2012 Repl. Vol.) § 2-302 of the Criminal Law Article ("CR"), which provides: "When a court or jury finds a person guilty of murder, the court or jury shall state in the verdict whether the person is guilty of murder in the first degree or murder in the second degree." This law was enacted in 1809 when the General Assembly divided murder into degrees and mandated that the penalty for first-degree murder was "death, by hanging" and the penalty for second-degree murder was a minimum term of imprisonment of five years and a maximum term of eighteen years. *See* 1809 Md. Laws, ch. 138, §§ 3 & 4.

the State argues that, if we consider appellant's contention, it should be rejected. It asserts that the concern underlying the requirement that the jury state with specificity the degree of murder for which they are convicting the defendant is unanimity in the verdict, and here, because the jury was instructed on the murder charge only with respect to first degree felony murder, the jury's only choice was to find appellant "guilty or not guilty of first degree felony murder."[9] Under these circumstances, it argues, the announcement of "guilty" on the count of murder undoubtedly was a unanimous verdict of first degree murder.

We address first the State's motion to dismiss the appeal. Appellant acknowledges that he "inartfully titled the motion to revise sentence pursuant to Maryland Rule 4-345(b) arguing irregularity," as opposed to arguing, as he does on appeal, that his life sentence for murder was "illegal" under Rule 4-345(a). He nonetheless urges this Court to consider the illegal sentence argument he raises on appeal, noting that the court may correct an illegal sentence at any time. The State responds that appellant "cannot transform an unappealable motion into an appealable one by renaming it," and accordingly, it asserts that this appeal should be dismissed.

Maryland Rule 4-345 provides, in relevant part, as follows:

> (a) **Illegal sentence.** The court may correct an illegal sentence at any time.
> (b) **Fraud, Mistake, or Irregularity.** The court has revisory power over a sentence in case of fraud, mistake, or irregularity.

---

[9] With respect to Count three, the attempted murder charge, the court did instruct the jury regarding both first and second degree murder. The conviction and sentence for attempted murder are not challenged here.

To be sure, appellant sought to "revise" his sentence pursuant to Rule 4-345(b), based on an "irregularity" in the jury's announcement of the verdict. He also requested, however, that the circuit court "look beyond the label" of his *pro se* motion and "make a determination based on . . . substance." Given the Court of Appeals' decision "to construe liberally filings by *pro se* inmates," *Douglas v. State*, 423 Md. 156, 182 (2011), and because an illegal sentence may be corrected "at any time," Rule 4-345(a), we deny the State's motion to dismiss this appeal.

We thus turn to the merits of appellant's contention, that his life sentence for murder was illegal. A sentence is "illegal" and subject to correction under Rule 4-345(a) only in limited circumstances. A sentence is illegal in this regard where there is no conviction warranting any sentence or where the sentence imposed is not a permitted one. *Chaney v. State*, 397 Md. 460, 466 (2007). *Accord Garner v. State*, 442 Md. 226, 251 (2015) (A sentence is "illegal" for purposes of Maryland Rule 4-345(a) where "there either has been no conviction warranting any sentence for the particular offense or the sentence is not a permitted one for the conviction upon which it was imposed and, for either reason, is intrinsically and substantively unlawful.").

Here, appellant contends that there was no valid conviction on which a life sentence could have been imposed. In support, he asserts that his murder conviction was null and void because the jury did not, as statutorily required, announce the degree of murder on which it was convicting appellant.

-9-

The Court of Appeals first addressed the statutory requirement that a guilty verdict of murder include the degree of murder more than 150 years ago. In *Ford v. State*, 12 Md. 514 (1859), the defendant was charged with "wilful murder" of another man "by shooting him with a pistol." *Id.* at 515. When the jury was asked to give its verdict, the foreman stated that the verdict was "Guilty." *Id.* at 547. Defense counsel asked that the jury be polled. *Id.* The court then directed the clerk

> to ask the jury, when he polled them, "Whether they found the prisoner guilty of murder in the first degree, or murder in the second degree?" To which question, when it was put to the jury, the foreman answered for the jury, in the words, "Guilty of murder in the first degree," in an audible voice; and each of the remaining eleven jurors, when polled, responded, "Guilty," without specifying the degree of murder in words.

*Id.* at 548.

Ford argued that there was no unanimity in the verdict regarding the degree of murder on which he was found guilty. *Id.* at 534. The Court of Appeals agreed, stating that Article 19 (now 21) of the Maryland Declaration of Rights provides that, in all criminal prosecutions, a man has the right to, *inter alia*, "a speedy trial by an impartial jury, *without whose unanimous consent he ought not to be found guilty*." *Id.* at 549. The Court stated: "'The verdict is the *unanimous* decision made by a jury and reported to the court, on the matters lawfully submitted to them in the course of the trial.' *Unanimity* is indispensable to the sufficiency of the verdict." *Id.* (quoting 10 *Bacon's Abridg. Title Verdict* 306 (1832)).

-10-

The Court of Appeals held that, under the circumstances of that case, where the foreman initially said "guilty" for the panel, and when the entire jury was polled, eleven of them replied "guilty," without specifying the degree in words, Ford was not found guilty of murder in the first degree by each member of the jury. *Id.* Because the jury, in their verdict, did not unanimously find Ford guilty of murder in the first degree, there was "no valid and sufficient verdict." *Id.* at 549.

The Court addressed this issue again in *Williams v. State*, 60 Md. 402 (1883). In that case, the defendant was tried on an indictment for murder, and the foreman announced the jury's verdict as "guilty of murder in the first degree." *Id.* at 403. The defense requested a poll of the jury, and each individual juror stated its verdict as "guilty," without specifying the degree of murder. *Id.* The Court of Appeals held that the verdict rendered on the poll was a defective verdict because "not a single juror" finding Williams guilty "ascertained the degree of murder as required by the Code." Accordingly, the general verdict of "guilty" was a nullity. *Id.*

These cases make clear that, to support a first-degree murder conviction, the jury verdict must reflect that the jurors unanimously found the defendant guilty, not just of murder, but of murder in the first degree. The Court of Appeals subsequently made clear, however, that each juror need not utter those specific words. *Strong v. State*, 261 Md. 371 (1971), *vacated*, 408 U.S. 939 (1972) (vacating death sentence). In *Strong*, the forelady announced the verdict as: "Guilty. Guilty of first degree murder, the first degree." *Id.* at

-11-

373. During the subsequent polling, the individual jurors merely responded: "Yes," or "Yes, it is," when asked if their verdict was the same as the forelady's. *Id.* at 373-74. On appeal, Strong argued, relying on *Williams*, that the murder verdict was defective because the individual jurors did not mention the degree of murder. *Id.* at 374. The Court of Appeals held that the verdict was valid, stating that the jurors' response to the polling question "was the equivalent of each juror saying: 'I find the accused guilty of murder in the first degree.'" *Id.*

Here, the foreman stated that the verdict on the charge of murder was "guilty." Although a poll of the jury was conducted, a transcript of the polling was not included in the record.[10] Accordingly, the record as presented to us does not reflect a jury verdict that contained a specific statement by the jury members designating whether appellant committed murder in the first degree or second degree.

As indicated, *supra*, a verdict failing to state the degree of murder on which the defendant was found guilty rendered the murder conviction a nullity in *Ford* and *Williams*. The question we must address is whether that same result applies here, where a finding of guilty of second degree murder was not a viable option for the jury and the verdict clearly

---

[10] It occurs to us that polling of the jury, by itself, potentially could show compliance with the statute, i.e., where the foreman says the verdict is guilty, but on polling, each juror says that he or she found appellant guilty of first degree murder. *See Smith v. State*, 299 Md. 158, 168 (1984) (jury may correct the verdict until the case is removed from its province). The State, however, does not make this argument or argue that the transcript of the polling is critical to resolve this appeal. Therefore, we will not address this issue.

represented a unanimous finding of guilt of first degree murder. We conclude that, under these circumstances, appellant's murder conviction was not a nullity.

We find support for this conclusion in opinions of courts in other jurisdictions containing a statutory requirement that the jury state in the verdict the degree of murder for which the defendant is found guilty. For example, in *Fiegehen v. State*, 113 P.3d 305, 306 (Nev. 2005), where Fiegehen was charged with murder, burglary and other charges, the Supreme Court of Nevada addressed the same issue we are presented with here. In Nevada, as in Maryland, a jury finding a defendant guilty of murder is required by statute to designate whether the murder was first or second degree. *Id.* at 306. In that case, however, when the jury returned its verdict, it merely found Fiegehen guilty of "murder with the use of a deadly weapon." *Id.* at 306-08.

In addressing the argument that the conviction was a nullity, the Nevada Supreme Court recognized the "consistent line of cases" holding that, pursuant to statutory directive, a failure to designate the degree of murder renders the verdict a nullity. *Id.* at 308. Under the circumstances of that case, however, the court rejected Fiegehen's argument that his murder conviction was invalid. *Id.* at 312. The court held that, where "the verdict as a whole unequivocally establishes a finding of felony murder, the verdict satisfies the command of [the statute requiring the jury to announce the degree of murder] because felony murder is first-degree murder as a matter of law." *Id.* at 306. Because second-degree murder was not an option where the defendant was charged solely with first-degree felony murder, and the

jury clearly found the defendant guilty of the predicate felony, a finding of first-degree felony murder could clearly be "discerned solely from the jury's verdict as a matter of law." *Id.* at 310. In that situation, the court stated, "reversing the conviction based on the jury's failure to expressly include the words 'first-degree murder' in its verdict would merely elevate form over substance." *Id.* Accordingly, the court held that, because the verdict established a finding of first-degree murder as a matter of law, it satisfied the statutory requirement that the jury designate that the guilty verdict of murder was of the first or second degree. *Id. Accord Gaines v. Leverette*, 266 S.E.2d 451, 452-53 (W.Va. 1980) (where there is "no doubt about the degree of murder found by the jury despite its failure to so specify," the verdict was not void because it failed, as required by statue, to specify the degree).

We agree with that analysis. We hold that, where the verdict makes clear that the jury found the defendant guilty of first-degree felony murder as a matter of law, the verdict satisfies the statutory requirement that the jury state the degree of murder on which the defendant is found guilty. In that situation, a murder conviction is not void or a nullity based on the failure of the jury to state the specific words "first degree" murder.

Here, the verdict unequivocally established that the jury unanimously found appellant guilty of first-degree felony murder. The evidence presented, and the State's argument, related only to first-degree felony murder, and the parties agreed that the court should instruct

the jury on the murder charge only with respect to felony murder.[11]  And because neither

second-degree murder nor manslaughter are lesser included offenses of first-degree felony

murder, the verdict of the jury had to be "first-degree murder or nothing."

Charles Moylan, Jr., *Criminal Homicide Law*, § 5.1 (MICPEL 2002).  *Accord West v. Sate*,

124 Md. App. 147, 161 (1998) ("[T]he jury was not required to be instructed on second-

degree murder because it is not a lesser included offense of first-degree felony murder."),

*cert. denied*, 353 Md. 270 (1999).

Under these circumstances, where the jury's verdict clearly was a unanimous verdict

of guilty of first-degree murder, the failure of the jury to specifically use the words "first

---

[11] At the time of appellant's trial, the "felony murder statute" provided:

> **All murder which shall be committed in the perpetration of, or attempt to perpetrate**, any rape in any degree, sexual offense in the first or second degree, sodomy, mayhem, **robbery,** burglary, kidnapping . . . storehouse breaking . . . or daytime housebreaking . . . or in the escape or attempt to escape from the Maryland Penitentiary, the house of correction, the Baltimore City jail, or from any jail or penal institution in any of the counties of this Sate, **shall be murder in the first degree.**

Md. Code (1992 Repl. Vol.) Art. 27 § 410 (emphasis added).  This statute currently is codified as CR § 2-201(a)(4).  Second-degree murder is murder that "is not in the first degree under [CR] § 2-201."  CR § 2-204(a).

degree" in its verdict did not render the verdict invalid.  Therefore, appellant's claim that the

resulting life sentence on the murder conviction was illegal is without merit.[12]

**APPELLEE'S MOTION TO DISMISS DENIED. JUDGMENT OF THE CIRCUIT COURT FOR MONTGOMERY COUNTY AFFIRMED. COSTS TO BE PAID BY APPELLANT.**

---

[12] When appellant was convicted in 1994, the penalty for first-degree murder was death, imprisonment for life, or imprisonment for life without the possibility of parole. *See* former Art. 27 § 412(b).  In 2013, however, the legislation repealed the death penalty.  2013 Md. Laws, ch. 156.